UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CR-20-F1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WILLIAM WALTER BARKER, | ) | |
| Defendant. | ) | |

This matter is before the court on the Government's Motion for Clarification [DE-46] of the court's judgment [DE-43] imposing, among other things, a $10,000.00 fine. The judgment reads, in relevant part: "[t]he fine imposed shall be due immediately and interest is waived. It is to be payable in such installments as recommended by the US Probation Officer who will determine as to how his fines are to be paid after his release." Judgment [DE-43] at 7. The Government contends that the language is ambiguous because it does not make clear that the fine is due immediately and that the probation only sets a payment schedule in the event the Defendant is unable to pay the fine immediately. *See* Mot. for Clarification [DE-46] at 2.

The Government argues that the court has authority to change this "clerical error" pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Rule 36 provides, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. However, "'Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing. Rule 36 is not a vehicle for the vindication of the court's unexpressed

sentencing expectations, or for the correction of errors made by the court itself.'" *United States v. Burd*, 86 F.3d 285, 288 (2d Cir 1996) (quoting *United States v. Werber*, 51 F.3d 342 (2d Cir. 1995)); *see also United States v. Nelson*, 988 F.2d 798, 810-12 (8th Cir. 1993) ("We entertain no doubt that requiring payment of the fine immediately as opposed to in installments, is a change of substance, and is not the correction of a clerical error.").

As the Government's own motion makes clear, it is asking the court to correct an error made by the court, not by the Clerk when transcribing the judgment. *See* Motion for Clarification [DE-46] at 2 ("The United States believes that it was the intent of the Court that the fine be paid immediately if possible . . . ."). Furthermore, the court has reviewed the recording of the hearing and the clerk accurately transcribed the court's pronouncement of the sentence. The relief the Government seeks is not available under Rule 36 and the Government's motion is therefore DENIED.

The Defendant has submitted a response opposing the Government's request [DE-47]. In the response, the Defendant interprets the judgment as suspending the requirement of paying the fine until the Defendant is released from the Bureau of Prisons and probation sets a payment schedule. The Government interprets the fine as being due in full immediately. Mot. for Clarification [DE-46] at 2 ("The United States believes that it was the intent of the Court that the fine be paid immediately if possible, which is standard in this district."). The court acknowledges that the language is ambiguous. However, the court is without authority under Rule 36 to modify or "clarify" the judgment, and thus the court cannot resolve the dispute. If either party can provide some legal support for the position that the court may clarify the

2

judgment under these circumstances, the parties are free to submit additional motions on this issue.

SO ORDERED.

This the 7th day of October, 2013.

JAMES C. FOX
Senior United States District Judge

3