UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. William Walter Barker**                    **Docket No. 4:13-CR-20-1M**

**Petition for Action on Supervised Release**

COMES NOW Stephen W. Larson, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of William Walter Barker, who, upon an earlier plea of guilty to Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), was sentenced by the Honorable James C. Fox, Senior U.S. District Judge, on September 5, 2013, to the custody of the Bureau of Prisons for a term of 78 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of life.

William Walter Barker was released from custody on December 1, 2017, at which time the term of supervised release commenced.

On June 25, 2026, this case was reassigned to the Honorable Richard E. Myers II, Chief United States District Court Judge.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

## IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:

1.  The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2.  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4.  The defendant shall support the defendant's dependents and meet other family responsibilities.
5.  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6.  The defendant shall notify the probation officer at least then (10) days prior to any change of residence or employment.
7.  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8.  The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered, or other places specified by the court.
9.  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shaft permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.
2. The defendant shall abstain from the use of any alcoholic beverages, shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the consumer is alcoholic beverages, and shall not use any medication containing alcohol without the permission of the probation office or a prescription from a licensed physician.
3. The defendant shall participate in a program of mental health treatment, as directed by the probation office.
4. The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional who is experienced in evaluating sexual offenders and who is approved by the U.S. Probation Officer.
5. The defendant shall participate in a sex offender treatment program as directed by the U.S. Probation Officer, and the defendant shall comply with and abide by all the rules, requirements, and conditions of the treatment program until discharged. The defendant shall take medication as prescribed by the treatment provider.
6. At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.
7. The defendant's residence and employment shall be approved by the U.S. Probation Officer. Any proposed change in residence or employment must be provided to the U.S. Probation Officer at least ten days prior to the change and pre-approved before the change may take place.
8. The defendant shall not possess any materials depicting and/or describing "child pornography" and/or "simulated child pornography" as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be accessed, obtained, or viewed.
9. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the U.S. Probation Officer, the Bureau of Prisons, or any state or tribal government, sex offender registration agency in a state where the defendant resides, works, is a student, or was convicted of a qualifying crime.

10. The defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18), except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of the defendant's conviction or prior history; and (3) with specific, written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of 18 with whom the defendant must deal in order to obtain ordinary and usual commercial services (e.g., servers, cashiers, ticket vendors, etc.).

11. The defendant shall submit to a search of person, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant. The search may be conducted by any law enforcement officer or probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

12. The defendant shall not loiter within 1,000 feet of any area where minors frequently congregate (e.g., parks, school property, playgrounds, arcades, amusement parks, day-care centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, and circuses) without prior written permission from the U.S. Probation Officer.

13. The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers unless approved by the U.S. Probation Officer.

14. To ensure compliance with supervision, the defendant shall submit to unannounced searches of any computer or computer equipment (including mobile phones) which, in the discretion of the U.S. Probation Officer, may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals. Such examination may require the removal of devices from your possession for the purpose of conducting a thorough inspection.

15. At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring.

16. The defendant shall not use, possess, or control any computer-based counter forensic tools. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall, upon request, immediately provide the U.S. Probation Officer with any and all passwords required to access data compressed or encrypted for storage by any software.

17. The defendant shall not have any social networking accounts without the approval of the U.S. Probation Officer.

18. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves direct or indirect contact with children under the age of 18 without written permission from the U.S. Probation Officer. Under no circumstances may the defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of 18.

19. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

20. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

21. The defendant shall provide the probation office with access to any requested financial information.

William Walter Barker
Docket No. 4:13-CR-20-1M
Petition For Action
Page 4


**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions. The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.


Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.


/s/ Dewayne L. Smith
Dewayne L. Smith
Supervising U.S. Probation Officer

/s/ Stephen W. Larson
Stephen W. Larson
U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2343
Executed On: June 25, 2026

**ORDER OF THE COURT**

Considered and ordered this _____ 1st _____ day of _____ July _____, 2026, and ordered filed and made a part of the records in the above case.

Richard E. Myers II
Chief U.S. District Judge